IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DREAMA DAWN COOK,<br>*Plaintiff*, | |
| v. | Civil Action No. ELH-16-2024 |
| SPRINGFIELD HOSPITAL CENTER, et al.<br>*Defendants*. | |

**MEMORANDUM**

Dreama Cook, the self-represented plaintiff, filed suit against her former employer, defendant Springfield Hospital Center ("Springfield"), as well as Paula Langemead, Nick Pindale, Connie Schaeffer, and Thomas Wright (collectively, the "Individual Defendants"). ECF 1.[1] In the suit, filed June 10, 2016, Cook alleges violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"). ECF 1. Plaintiff appended several exhibits to her suit, including a copy of the Charge of Discrimination (the "Charge") that she submitted to the Equal Employment Opportunity Commission ("EEOC") on December 17, 2014 (ECF 1-3 at 3-4) and the EEOC's "Notice of Suit Rights," dated March 9, 2016. ECF 1-2 at 1.

Cook, who is hard of hearing, worked part time as a Sign Language Interpreter at Springfield, pursuant to a contract. ECF 1 at 4-5. She was terminated on March 17, 2015. *Id.* at 6. Cook claims, *inter alia*, that Springfield failed to accommodate her disability and then terminated her in retaliation for her filing of the Charge with the EEOC. ECF 1 at 4-6.

---

[1] Cook did not indicate in the Complaint whether she was suing the Individual Defendants in their official or personal capacities. *See* ECF 1; *see also* ECF 8-1 at 6.

Defendants have moved to dismiss the Complaint (ECF 8), supported by a memorandum of law (ECF 8-1) (collectively, the "Motion"). Relying on Fed. R. Civ. P. 12(b)(1) and 12(b)(b), defendants argue, *inter alia*, that the case is barred by the state sovereign immunity doctrine, as embodied in the Eleventh Amendment to the Constitution, and that Ms. Cook failed to state a claim upon which relief may be granted. ECF 8-1 at 4-8. The Court received Cook's "Answer" to the Motion on September 19, 2016. *See* ECF 13.[2] It states: "I have a genuine issue of material fact. I would like a hearing." *Id*. Further, the Answer states: "I will mail out a typed copy of this letter tomorrow and a certificate of service." *Id*. However, no further correspondence has been received from Ms. Cook.

A hearing is unnecessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

## I.   Factual Summary

Cook began working at Springfield in October 2009. ECF 1-3 at 3. She alleges that, during the summer of 2010, her supervisor, Thomas Wright, began "making threats that he was going to give [Ms. Cook's] contracted hours to another employee." ECF 1 at 5. On August 21, 2013, Mr. Wright reduced the plaintiff's hours to four days per week. *Id.* According to plaintiff, none of her twelve co-workers suffered a reduction in hours. *Id.* About a year later, on July 5, 2014, Mr. Wright told Ms. Cook that he was planning on hiring a new interpreter, who would assume some of the hours that Ms. Cook had been working. *Id.* Ms. Cook's hours were reduced from "96+" a month to 32 hours per month. *Id.*

On December 17, 2014, Ms. Cook filed her Charge with the EEOC, claiming that she was discriminated against based on her disability, in violation of the Americans with Disabilities

---

[2] Previously, I granted plaintiff's request for an extension of time in which to respond to the Motion. ECF 11; ECF 12.

Act.  ECF 1-3 at 3-4.  She alleged that the discrimination took place between July 5, 2014 and December 10, 2014.  *Id.* at 6.

Ms. Cook was terminated from her position at Springfield on March 17, 2015.  ECF 1 at 6*.*  She amended her charge on July 15, 2015, to allege retaliation.  ECF 1-2.

The EEOC investigated the allegations in the Charge and, on March 9, 2016, closed its investigation, as it was "unable to conclude that the information obtained establishes violations of the statutes."  ECF 1-2.  The EEOC issued a Notice of her right to sue, dated March 9, 2016.  *Id.*

In her suit, Cook seeks a total of $152,900 in damages, including lost benefits, reduced wages, and severance.  ECF 1 at 7.  However, she does not seek prospective injunctive relief.

## II.     Standards of Review

Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction.  *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).  A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'"  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  In a

factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Here, defendants assert a facial challenge.

Defendants also premise their Motion on Rule 12(b)(6), for "failure to state a claim upon which relief can be granted." A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Goines v. Valley Cmty, Servs, Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ___, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all

civil actions' . . . . " (citation omitted)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the

factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th.Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 1960 (2012).

A motion asserting failure to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, 178 F.3d at 243 (quotation marks omitted); *see Houck*, 791 F. 3d at 484; *Tobey v. James*, 706 F.3d 379, 387 (4th Cir. 2013). But, "if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*,'" or in other material that is the proper subject of consideration under Rule 12(b)(6), such a defense can be resolved on the basis of the facts alleged in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (citation omitted) (emphasis in original); *see Houck*, 791 F.3d at 484.

In resolving a motion under Rule 12(b)(6), a court is "generally limited to a review of the allegations of the complaint itself." *Goines*, 822 F.3d at 165-66; *see Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013) (*abrogated on other grounds* by *Reed v. Town of Gilbert, Ariz.*, ____ U.S. ____, 135 S. Ct. 2218 (2015), as recognized in *Cahaly v. Larosa*, 796 F.3d 399 (4th Cir. 2015)); *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). Under limited exceptions, however, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Of relevance here, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits. . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg v. Pennsylvania Higher Educ.*

*Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*[3]

---

[3] Fed. R. Civ. P. 10(c) is also relevant. It provides: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

As noted, plaintiff is self-represented. The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

### III.   Discussion

#### A.

The ADA was enacted in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," 42 U.S.C. § 12101(b)(1), and "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." *Id.* § 12101(b)(2). The statute "makes it unlawful for covered employers to 'discriminate against a qualified individual on the basis of disability.'" *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 328 (4th Cir. 2014) (quoting 42 U.S.C. § 12112(a) (2012)).

In particular, "[s]uch unlawful discrimination can include the failure to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . .'" *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 344 (4th Cir. 2013) (quoting 42 U.S.C. § 12112(b)(5)(A)) (alterations in *Wilson*). In addition, "[t]he Act prohibits covered employers from discharging qualified employees because they are disabled." *Summers*, 740 F.3d at 328.

The ADA contains five titles. They are as follows: Title I, Employment; Title II, Public Services; Title III Public Accommodations; Title IV, Telecommunications; and Title V, Miscellaneous Provisions. *See* Pub. L. No. 101-336, 104 Stat. 327, 327.

Title I prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual" is defined as a person who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8). Title V includes provisions against retaliation. *See* 42 U.S.C. 12203(a). The ADA states: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

Plaintiff does not cite the relevant titles of the ADA in her Complaint. But, her claims for failure to accommodate and unlawful termination would arise under Title I of the ADA. Her retaliation claim would arise under Title V.

"Modeled after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* the ADA incorporates that statute's enforcement procedures, *id.* § 12117(a), including the requirement that a plaintiff must exhaust [her] administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court, *see id.* § 2000e–5(b), (f)(1)." *Sydnor v. Fairfax Cnty.,* 681 F.3d 591, 593 (4th Cir. 2012). The administrative claims process is "'an integral part'" of the enforcement scheme that Congress set out in Title VII. *Id.* (quoting *Chacko v. Patuxent Inst.,* 429 F.3d 505, 510 (4th Cir. 2005)). By incorporation, it is also integral to the ADA. *See Sydnor*, 681 F.3d at 593. "Allowing [the EEOC] first crack at these cases respects Congress's intent 'to use administrative conciliation as the primary means of handling claims,

thereby encouraging quicker, less formal, and less expensive resolution of disputes.'" *Id.* (quoting *Chris v. Tenet*, 221 F.3d 648, 653 (4th Cir. 2000)).

**B.**

As noted, defendants have moved to dismiss for "lack of subject-matter jurisdiction," pursuant to Fed. R. Civ. P 12(b)(1). They claim that Springfield is a State-owned and operated psychiatric hospital, maintained by the Maryland Behavioral Health Administration ("BHA"). *See* Maryland Code (2015 Repl. Vol.), § 10-406 of the Health-Gen. Article ("H.G."). Further, defendants state that BHA is part of the Maryland Department of Health and Mental Hygiene ("DHMH"). H.G. Subtitle 2. Therefore, they assert that Springfield is "an instrument of the State" (ECF 8-1 at 1), and thus it is entitled to immunity from suit under the Eleventh Amendment. *Id.*

The Individual Defendants work in various capacities at Springfield. ECF 8-1 at 1. To the extent that they were sued in their official capacities, defendants contend that they, too, are entitled to sovereign immunity. *Id*. at 6.

It is not clear whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or Rule 12(b)(6). *See Strong v. Swaim-Stanley*, WMN-12-cv-1924, 2012 WL 4058054 (D. Md. Sept. 13, 2012). Judge Titus addressed this uncertainty in *Beckham v. National R.R. Passenger Corp.*, 569 F. Supp. 2d 542 (D. Md. 2008). He said, *id*. at 548 (internal citations omitted):

> [T]he Eleventh Amendment limits the ability of a federal district court to exercise its subject-matter jurisdiction over an action brought against a state or one of its entities. As such, although Eleventh Amendment immunity is not a "true limit" on this Court's subject matter jurisdiction, *id.,* the Court concludes that it is more appropriate to consider this argument under Fed.R.Civ.P. 12(b)(1) because it ultimately challenges this Court's ability to exercise its Article III power.

Judge Titus's reasoning is persuasive. Therefore, I shall consider the Eleventh Amendment challenge under Rule 12(b)(1).

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." The Eleventh Amendment did not create sovereign immunity, however. Rather, it preserved the sovereign immunity that the states enjoyed prior to the formation of the Union. *See Alden v. Maine*, 527 U.S. 706, 724 (1999); *see also Sossamon v. Texas*, 563 U.S. 277, 284 (2011). The preeminent purpose of state sovereign immunity is to accord states the dignity that is consistent with their status as sovereign entities. *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002).

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in federal court." *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Thus, under the Eleventh Amendment, a private individual is barred from bringing a suit against a state in federal court to recover damages, unless the state has waived its sovereign immunity or Congress has abrogated its immunity. *See Coleman v. Court of Appeals of Md.*, ___ U.S. ___, 132 S. Ct. 1327, 1333 (2012) ("A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense."); *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247 (2011); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996) ("For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States.") (Internal quotation marks and citation omitted).

Of import here, sovereign immunity also bars suit against an instrumentality of a state, referred to as an "arm of the state," absent waiver or a valid congressional abrogation of sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *see also Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *McCray v. Md. Dep't of Transp., Md. Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014); *Bland v. Roberts*, 730 F.3d 368, 389 (4th Cir. 2013); *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005).

I am satisfied that Springfield is an arm or instrumentality of the State of Maryland. H.G. § 10-406 provides: "The following State facilities shall be maintained under the direction of the [Behavioral Health] Administration: . . . (4) Springfield Hospital Center." Further, the BHA is an agency of the DHMH (*id*. at § 7.5-201), and the DHMH is a "principal department of the State government." *Id*. at § 2-101. Therefore, in the absence of an exception to the Eleventh Amendment bar, it is not subject to suit in federal court.

The Court of Appeals for the Fourth Circuit has reviewed three exceptions to the Eleventh Amendment's prohibition of suit against a state or an arm of the state. In *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244 (4th Cir. 2012), the Court said, *id.* at 249 (internal quotations omitted):

> First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) . . . . Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) . . . . Third, a State remains free to waive its Eleventh Amendment immunity from suit in a federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.,* 535 U.S. 613, 618 (2002).

None of the exceptions is applicable here. Title I of the ADA originally contained language abrogating state sovereign immunity in federal court. But, the Supreme Court determined in *Garrett*, 531 U.S. 356, that Congress did not validly abrogate sovereign immunity with respect to employment discrimination claims under Title I of the ADA. *Id.* at 374. The Court said, *id.*: "[T]o authorize private individuals to recover money damages against the States, there must be a pattern of discrimination by the States which violates the Fourteenth Amendment . . . . Those requirements are not met here . . . ."; *see also McCray*, 741 F.3d at 483.

Neither the Supreme Court nor the Fourth Circuit has determined whether Congress abrogated sovereign immunity for retaliation claims under Title V. "[M]any courts have distinguished between retaliation claims that stem from Title I employment discrimination and Title II discrimination in the provision of public services." *Levy v. Kan. Dept. of Soc. & Rehab. Servs*, 789 F.3d 1164, 1169 (10th Cir. 2015) (collecting cases).[4] This is because "[a] Title V retaliation action must rest upon a previous Title's subject." *Melerski v. Virginia Dep't of Behavioral Health & Developmental Servs.*, No. 4:15-CV-00039, 2016 WL 154144, at *3 (W.D. Va. Jan. 11, 2016) (citing *Collazo-Rosado v. Univ. of P.R.*, 775 F. Supp. 2d 376, 384 (D.P.R. 2011)). In other words, Title V must be predicated on another part of the ADA because "Title V prohibits discrimination against an employee who opposes an 'act or practice made unlawful' by the substantive provisions of the ADA." *Demshki v. Monteith*, 255 F.3d 986, 988–89 (9th Cir. 2001). Thus, where Title V claims are predicated on Title I claims, "Congress may not abrogate the states' Eleventh Amendment immunity from Title V claims." *Id*. at 989.

---

[4] This distinction is important. Although Congress's abrogation of state sovereign immunity as to Title I of the ADA was found unconstitutional in *Garrett*, 531 U.S. at 374, the Supreme Court has upheld the abrogation of state sovereign immunity as to Title II of the ADA. *See United States v. Georgia*, 546 U.S. 151, 159 (2006); *Tennessee v. Lane*, 541 U.S. 509, 530 (2004).

Here, as noted, Cook's primary ADA claim is based on Title I. Because Cook's Title V claim is predicated on her Title I claim, the Supreme Court's decision in *Garrett* barring her Title I claim based on sovereign immunity also bars her Title V claim. *See Levy*, 789 F.3d at 1169.

The second exception is unavailable because the suit does not seek prospective injunctive relief. ECF 1 at 7. *See, e.g.*, *Edelman v. Jordan*, 415 U.S. 651, 676 (1974). Instead, Ms. Cook seeks only money damages, which she may not recover, absent an exception. ECF 1 at 7.

The third exception is unavailable because the State of Maryland has not waived its immunity to suit in federal court as to ADA claims under Title I. The Supreme Court has instructed that the test for determining whether a State has waived its immunity from suit in federal court is a "stringent" one. *Atascadero State Hosp. v.* Scanlon, 473 U.S. 234, 240 (1985). Under *Atascadero*, a court may find that a state has waived its Eleventh Amendment immunity "only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Id.* (internal quotation marks and alterative omitted); *see also Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 250-51 (4th Cir. 2012).

Judge Bennett recently addressed this issue. In *Charles Mattison, Jr. v. Md. Transit Admin., Md. Dept. of Transp.*, RDB-15-1627, 2016 WL 2898020, at *5 (D. Md. May 18, 2016), he concluded that "Maryland has not waived its immunity from . . . Title I ADA claims in federal court." *Id*. (citing *McCray*, 741 F.3d at 483). And, as indicated, because Cook's Title V claim arises out of her Title I claim, Maryland enjoys sovereign immunity as to that claim as well.

Therefore, under the Eleventh Amendment, Springfield is protected from suit in federal court under Title I and Title V of the ADA.

**C.**

Even if the Eleventh Amendment did not bar suit against Springfield, dismissal would be appropriate under Rule 12(b)(6) because plaintiff has not made the required prima facie showings under the ADA. To establish a prima facie case for failure to accommodate, an employee must show: (1) she was an individual with a disability within the meaning of the ADA; (2) the employer had notice of her disability; (3) with reasonable accommodation, she could perform the essential functions of the position; and (4) the employer refused to make such accommodations. *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001); *see also Stephenson v. Pfizer*, 641 Fed. Appx. 214, 219 (4th Cir. 2016); *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013).

To establish a prima facie case of wrongful discharge, a plaintiff must show that (1) she is within the ADA's protected class; (2) she was discharged; (3) at the time of her discharge, she was performing the job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001); *see also Martinson v. Kinney Shoe Corp.*, 104 F.3d 683, 686 (4th Cir. 1997); *Doe v. University of Maryland Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir.1995).

In the Fourth Circuit, to establish a prima facie case of retaliation, a plaintiff "must show (1) that [s]he engaged in protected activity; (2) that [her] employer took an adverse action against [her]; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 578 (4th Cir. 2015) (quoting *Haulbrook*, 252 F.3d at 706).

Plaintiff has failed to allege facts to demonstrate that Springfield failed to accommodate her disability. Moreover, although plaintiff has sufficiently alleged that she is disabled and that she suffered an adverse employment action, *i.e.*, that she was terminated, she has failed to plead facts sufficient to show that the adverse employment action was taken as a result of her disability. Nor has she alleged any facts to show that she was discharged in retaliation for filing a complaint with the EEOC.

**D.**

As indicated, it is not clear in what capacity Cook has sued the four Individual Defendants. If she intended to sue them in their official capacities, however, they would also be immune under the Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[The Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Notably, "a judgment against a public servant in his official capacity imposes liability on the entity that he represents . . . ." *Id*. (internal quotations and citation omitted). Therefore, to the extent that Cook sued the Individual Defendants in their official capacities, dismissal is appropriate under Rule 12(b)(1).

Pursuant to Rule 12(b)(6), defendants maintain that, even if Cook intended to sue the Individual Defendants in their personal capacities, "claims against them must be dismissed because there is no individual liability under the ADA. The ADA does 'not provide for causes of action against defendants in their individual capacities.'" ECF 8-1 at 6 (quoting *Jones v. Sternheimer,* 387 F. App'x 366, 368 (4th Cir. 2010)).

Defendants are correct. The ADA does not permit suit against individuals. *See, e.g.*, *Lewis v. Baltimore Cty. Bd. of Sch. Comm'rs*, __ F. Supp. 3d __, CCB-14-3363, 2016 WL

2939695 at *3 (D. Md. May 20, 2016) ("Individuals cannot be held liable under Title VII or the ADA.").

Even if the Complaint against the Individual Defendants were not barred under the ADA, dismissal under Rule 12(b)(6) would be warranted as against Langemead, Pindale, and Schaeffer, because plaintiff has failed to state a claim.  Defendants correctly observe, ECF 8-1 at 8:

> The complaint is devoid of allegations regarding actions or inactions by Paula Langmead [sic], CEO, HR Director, Nick Pindale, or HR Officer, Connie Schaeffer. ECF 1 at 4-8.  In the absence of any allegations of wrongful action by these defendants, the lawsuit may not proceed against them.  *See Harlow v. Fitzgerald,* 457 U.S. 800 (1982); *Simpson v. Welch,* 900 F.2d 33 (4th Cir. 1990) (conclusory allegations do not suffice to state a claim, and there must be a recitation of specific facts showing the plaintiff's entitlement to relief, in order to survive a motion to dismiss); *Iqbal,* 556 U.S. at 678 (the complaint must allege enough facts to state a plausible claim for relief).

### IV.   Conclusion

The Eleventh Amendment bars this suit against Springfield and against the Individual Defendants in their official capacities.  Furthermore, because the ADA does not permit suits against individuals, the Individual Defendants cannot be sued in their personal capacities.  Nor has plaintiff stated an ADA claim against any of the defendants under Title I or Title V.  Accordingly, I shall GRANT the Motion to Dismiss.

An Order follows, consistent with this Memorandum.


Date:  October 19, 2016                                         /s/
                                                    Ellen Lipton Hollander
                                                    United States District Judge